20154. ABBERCROMBIE *v.* MARYLAND CASUALTY COMPANY *et al.*

DECIDED AUGUST 29, 1930.

*Mann & Fields, W. Gordon Mann,* for plaintiff.
*J. A. McFarland,* for defendants.

BELL, J. This is a compensation case. After an award based upon a finding of a 75 per cent. loss of use of the claimant's leg, he applied for an increase of compensation upon the ground of a change in condition, contending that such loss of use amounted to 100 per cent. This application was refused by the industrial commission, and an appeal was denied by the superior court; whereupon the claimant brought the case to this court. The compensation had been revised upward several times before. The claimant testified that he could "peck around with a hoe," and had done a little gardening for neighbors, but that he soon gave out and did not

"pretend to work over an hour." Since the last previous hearing his condition has grown worse, in that his leg will sometimes "fall over to that side" when he tries to walk, and if he stoops a little he has to "drag" his leg for a while. "Q. Did that occur since the last hearing? A. Yes, sir. Q. About how long ago did it begin to drag? A. My wife she can tell. Q. About how long? A. About four months at any rate. Q. Did it continue to get worse? A. Yes, sir, in an hour or hardly so long it would get better; if I stoop, it bothers me again. If I bend, it begins again." The claimant's wife testified that it "seemed" to her that her husband's leg was "totally disabled," and that "he can hardly walk, needs a stick or something." A third witness testified that he had seen the claimant frequently, "twice or three times a week," and, on being asked if he had noticed any change in the claimant's condition during the "last few months," replied, "No, I haven't noticed any recent change." The sole commissioner who originally heard the case "observed that the claimant was still able to use his leg with the aid of a stick," and therefore had not sustained a total loss of use.

As will be seen from the above statement, the claimant and his wife were both vague and indefinite in their testimony. Also, a contradictory inference could have been drawn from the testimony of another witness. Furthermore, the commission had the right to consider the physical appearance of the claimant as he attended upon the trial. In these circumstances, we can not say that the commission's finding was unauthorized. The decisions in *Hambright* v. *Western & Atlantic R. Co.*, 112 *Ga.* 36 (37 S. E. 99), and *Western & Atlantic R. Co.* v. *Beason*, 112 *Ga.* 553 (37 S. E. 863), cited for the claimant, did not contemplate such a state of evidence as appears in the present record. See, in this connection, *Whiddon* v. *Hall*, 155 *Ga.* 570 (6) (118 S. E. 347); *Blount* v. *Dunlap*, 34 *Ga. App.* 666 (4) (130 S. E. 693); *Southern Ry. Co.* v. *Brock*, 132 *Ga.* 858 (7) (54 S. E. 1083); 10 R. C. L. 991, 1001; 22 C. J. 787.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*