21188. MARYLAND CASUALTY CO. *et al. v.* WHEELER.

DECIDED MAY 12, 1931. REHEARING DENIED JUNE 9, 1931.

*Thomas A. Fry, T. Elton Drake, J. L. Anthony,* for plaintiffs in error.

*E. M. Hiscock, T. F. Bowden,* contra.

LUKE, J. Upon an appeal from an award made by the industrial commission in favor of E. C. Wheeler against Claude A. McGinnis Company, as employer, and Maryland Casualty Company, as insurance carrier, the award was affirmed by the judge of the superior court of Fulton county; whereupon the case was brought to this court upon exceptions assigning as error the award of the single commissioner, the affirmance of the full commission, and the judgment of the superior court on the grounds that the award " (*a*) finds a disabling injury from competitive labor wholly unsupported by evidence; (*b*) finds the claimant herein sustained a partial dis-

ability, and finds as a matter of compensation the then claimant, now defendant in error, is entitled to one half the difference in what he was earning when injured and what he was able to earn thereafter, and then makes an award for total compensation because of the failure to provide work by the plaintiff in error, Claude A. McGinnis Company; (c) works a penalty on the employer, the Claude A. McGinnis Company, and the Maryland Casualty Company; (d) was unsupported by evidence; (e) is contrary to law."

It appears from the record that the parties in interest entered into an agreement to the effect that E. C. Wheeler sustained an accidental injury arising out of and in the course of his employment with Claude A. McGinnis Company on July 15, 1929, and provided for payment of compensation to continue during disability. This agreement was approved by the commission, subject to modification, and compensation was paid at the rate of $15 per week up to September 3, 1929, at which time he returned to work until about the middle of January, when he was laid off. Afterwards he secured only one job, on which he worked four weeks. He was a sheet-metal worker and was unable to do the climbing required by his job, so that what work was done after his accident was inside. He was unable to secure employment because of his disability. He showed a disposition to take any employment that he was able to perform when he could find it. His contention as to disability was substantiated by the report of Dr. Roberts, who examined him at the request of the commission.

On finding these facts the single commissioner, adopting the view that in case of partial disability the claimant was entitled to compensation at the rate of half the difference between what he was earning before he was injured and what he was able to earn thereafter, and that when the employee could not find work suitable to his condition and work was not offered him by his employer, compensation was payable as for total disability, since the employee has not any earning capacity, awarded compensation at the rate of $15 per week, beginning January 15, 1930, and continuing until there is a change in condition, taking into account the four weeks that the employee worked, and deducting the same in making the payment of compensation due to date.

Our examination of the record leads us to the conclusion that the several findings of fact recited by the single commissioner and

affirmed by the full commission are supported by ample legal evidence, and that in making the award of compensation the commissioner correctly applied the rules laid down in the case of *Austin Brothers Bridge Co.* v. *Whilmire,* 31 *Ga. App.* 560 (121 S. E. 345), wherefore the judgment of the superior court of Fulton county is correct.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*