29573. BITUMINOUS CASUALTY CORPORATION *et al. v.* WILBANKS.

DECIDED NOVEMBER 20, 1942. REHEARING DENIED DECEMBER 18, 1942.

636

*T. Elton Drake, Herman Talmadge, Edward B. Lovell*, for plaintiffs in error. *Jesse M. Sellers*, contra.

STEPHENS, P. J. (After stating the foregoing facts.) The Code, § 114-709, provides that on a change in condition of the claimant the Industrial Board may render an award increasing, diminishing, or ending the payment of compensation, as the case may be. The superior court on appeal from the award of the Industrial Board is without authority to reverse and set it aside where it is supported by any competent evidence. The award of the single director, which was affirmed by the full board, was supported by the testimony of Dr. Collingsworth who made a physical examination of the claimant and found, as he testified, that the claimant was not disabled but was able to resume the performance of ordinary manual labor. The director found that the claimant was a strong and healthy-looking man and had had a change in condition and was at the present time able to pursue competitive labor. The director stated that it was his opinion, based upon observation of the claimant alone, that the claimant was able to pursue competitive labor. The director has a right to consider the physical appearance of a claimant at the hearing in determining whether there has been a change in condition. *Abercrombie* v. *American Casualty Co.*, 41 *Ga. App.* 729 (154 S. E. 459). While the evidence was conflicting it authorized the finding by the director and the full board. The superior court erred in sustaining the appeal and in reversing the award of the Industrial Board.

The question of the offer and refusal of employment by the claimant was not presented by the evidence. The ruling therefore is not in conflict with *Austin Bros. Bridge Co.* v. *Whitmire*, 31 *Ga.*

*App.* 560 (121 S. E. 345) ; and *Maryland Casualty Co.* v. *Wheeler,* 43 *Ga. App.* 382 (159 S. E. 139).

 *Judgment reversed. Sutton and Felton, JJ., concur.*