31121.   HARPER *v.* NATIONAL TRAFFIC GUARD
COMPANY *et al.*

DECIDED JANUARY 31, 1946.

*Ben J. Camp, William Boyd,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

SUTTON, P. J.   Jasper Harper filed with the State Board of Workmen's Compensation a claim against National Traffic Guard Company as employer and Liberty Mutual Insurance Company, the insurance carrier, for compensation for an injury alleged to have been sustained from an accident arising out of and in the

course of his employment with said employer, in February, 1945. The single director found against the claimant and entered an award denying compensation; and, on appeal, the finding and award was approved by the full board. The superior court affirmed the award, and the claimant excepted.

■ Liberty Mutual Insurance Company was not named as a party defendant in the bill of exceptions; but it appears from the record that the firm of lawyers who represented the employer and the insurance carrier in the trial of the claim acknowledged service of the bill of exceptions for "defendant in error," without making any reservation that such acknowledgment did not apply to the insurance carrier. The plaintiff in error, before the case was called for argument in this court, tendered an amendment to make said insurance carrier a party defendant to the bill of exceptions, service of the proffered amendment being duly acknowledged by the attorneys for the defendant in error, who join in the request for the insurance company to be made a party defendant in the case. In these circumstances, the amendment is allowed, and the Liberty Mutual Insurance Company is made a party defendant in the bill of exceptions. See Code, §§ 6-912, 6-913; *Pierce* v. *Powell,* 188 *Ga.* 481 (4 S. E. 2d, 192); *Howard* v. *Betts,* 190 *Ga.* 530 (9 S. E. 2d, 742); *Lassiter* v. *Bank of Dawson,* 191 *Ga.* 208 (11 S. E. 2d, 910); *Wynn* v. *Rahal,* 56 *Ga. App.* 692 (2) (193 S. E. 610).

■ The director, in his findings of fact, states that the claimant failed to carry the burden of showing: (1) that he sustained injuries as the result of an accident arising out of and in the course of his employment; or (2) that the disability for which the claimant seeks compensation was caused by an accident arising out of and in the course of his employment; or (3) that the pain and disability in the claimant's back and leg were caused or aggravated by an accident arising out of and in the course of his employment; and states that "claimant testified that he sustained accidental injuries on two occasions while at work, but two of the alleged eyewitnesses sworn in claimant's behalf, disclaimed any notice or knowledge of such accidents. When claimant was seen by Dr. Smith, a reputable physician of Decatur, Georgia, on February 17, 1945, he informed Dr. Smith that he had not been injured while at work, telling Dr. Smith at the time that he did not remember

any injury or accident that happened at the plant that could have caused it. This was in response to a question by a physician who asked the claimant if he had been hurt out there and when he got hurt, or how he got hurt, or any information about it." Dr. Calvin Sandison testified that he first examined the claimant on March 9, 1945, and the claimant told him that he had been suffering with a low back pain and that his left leg had been hurting him, pains running down in his leg from his back, for about a year before that time, that the condition came on slowly without injury, and that he had a fall in February, 1945, while at work, since when his pain had been exaggerated more than it had been any time previously. Dr. Sandison, on being asked his opinion as to the cause of the injury, from the history that the claimant gave him and from the knowledge of the work that the claimant did, said that he did not know, and testified that the claimant's condition could have resulted from causes unrelated to trauma.

The director further states that, from hearing the claimant testify and from observing his demeanor on the stand, he was impressed with the fact that his testimony was vague, indefinite, and contradictory, and was not sufficient to carry the burden of proof that he had sustained an accident and injury in the course of his employment, which resulted in the disability complained of.

It is well-settled law that, in order for an injury to be compensable under the terms of the workmen's compensation act, it must have been occasioned "by accident arising out of and in the course of the employment." Code, § 114-102. An accident arises in the course of the employment, within the meaning of the act, "when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing, proximate cause. This and the conditions stated above must concur before the act can apply." *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (2-a) (118 S. E. 786). And the burden is on the claimant to prove that the injury for which compensation is sought arose out of and in the course of the employment, before compensation can be awarded legally to the claimant. It has been ruled in numerous decisions of this

court and the Supreme Court, that findings of fact by the State Board of Workmen's Compensation, if supported by any competent evidence, are conclusive, in the absence of fraud, and cannot be set aside by the courts. After considering the brief of the evidence and the findings of fact based thereon, we are of the opinion that the findings of fact and the award of the workmen's compensation board denying compensation are supported by some competent evidence; and that the judgment of the superior court affirming the award of the board must be affirmed.

*Judgment affirmed. Felton and Parker, JJ., concur.*