### 32007. KELL *v.* BRIDGES.

TOWNSEND, J. ■ "The test as to whether a claimant is so 'mentally incompetent' under the Workmen's Compensation Act (Code, § 114-306) as to toll the running of the statute of limitations is this: Is his mind so unsound, or is he so weak in his mind, or so imbecile, no matter from what cause, that he can not manage the ordinary affairs of life?" *Royal Indemnity Co.* v. *Agnew*, 66 *Ga. App.* 377 (1) (18 S. E. 2d, 57). ■ When the claimant in a workmen's compensation case files his claim more than one year after the accident, and upon the hearing there is evidence adduced that would authorize the finding of fact that the claimant was mentally incompetent under the rule just stated, it is not only within the power, but it is the duty of the Workmen's Compensation

Board to pass on this issue in order to determine whether the claim is barred. See *Royal Indemnity Co.* v. *Agnew,* supra.

■ While the evidence in the instant case does not demand the finding that the mental incompetency of the claimant was sufficient to toll the statute of limitations, it authorizes such a finding.

■ The judgment of the superior court, reversing the award of the Board of Workmen's Compensation, and remanding the case to it with direction to pass upon the issue of whether the mental incompetency of the claimant tolled the statute of limitations, and the other issues involved in the case, is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED JULY 16, 1948.

*William A. Thomas,* for plaintiff.