### 32541. KELL v. BRIDGES.

WORRILL, J. 1. Findings of fact made by a Director of the State Board of Workmen's Compensation or by the full Board upon an appeal, when supported by any competent evidence are, in the absence of fraud, conclusive on the courts and such findings will not be set aside in the absence of errors of law. *Bituminous Casualty Co.* v. *Wilbanks,* 68 *Ga. App.* 631, 636 (23 S. E. 2d, 519); *Harper* v. *National Traffic Guard Co.,* 73 *Ga. App.* 385 (2a) (36 S. E. 2d, 842).

2. On the original appearance of this case before this court, it was held that it was not only within the power, but was the duty of the board to pass on the competency of the claimant to file his claim (*Kell* v. *Bridges,* 77 *Ga. App.* 424, 48 S. E. 2d, 780), and the board having acted on the instructions given in that case, and the evidence having authorized the finding by the board that the claimant's mental and physi-

cal condition subsequently to the date he claimed he was injured was not such as to prevent him from filing a claim with the board within one year from such date as provided for by § 114-305 of the Code, and that the claimant's claim for compensation was barred by the statute of limitations for failure to file his claim within one year from the date of the alleged accident, the judge of the superior court did not err in denying the appeal and in affirming the award of the board.

Judgment affirmed. *Sutton, C. J., and Felton, J., concur.*

DECIDED SEPTEMBER 23, 1949.

*William A. Thomas,* for plaintiff.
*B. B. Zellars,* for defendant.