33044, 33045. McDONALD, next friend *v.* TRAVELERS INS. CO. *et al;* and *vice versa.*

DECIDED MAY 19, 1950.

*R. A. Moore,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendants.

FELTON, J. ■ Code § 114-306 provides that the time limit for filing a claim shall not run against a minor dependent as long as he has no guardian or trustee. Since it does not appear from the evidence that the two minor dependents had a legally qualified guardian of their property, the board properly ruled that the claim was not barred by the statute. See Code, § 114-420.

■ There is no merit in the contention of the employer and carrier to the effect that the minor brother and sister were not dependent because there was no substantial contribution to them except through the mother.

■ The court did not err in reversing the amount of the award to each minor dependent. Code § 114-413(c) fixes the formula for partial dependents: "If the employee leaves dependents only partially dependent on his earnings for their support at the time of his injury, the weekly compensation for those dependent shall be in the same proportion to the compensation for persons wholly dependent as the average amount contributed weekly by the deceased to the partial dependents bears to his average weekly wages at the time of his injury."

■ The court did not err in overruling the provision in the

award that the amount of the minor sister's compensation should be paid to the brother on her becoming 18 years of age. There is no provision in Code § 114-414 for the payment of unpaid compensation awarded to partial dependents to be paid to other partial dependents. The only such provision is that "where there are both total and partial dependents and the total dependents die, remarry or cease to be dependents, the partial dependents shall be entitled to the balance of compensation, if any." This court cannot read into an unambiguous statute something that simply is not there however strongly we might feel that it should have been included.

The judgment of the superior court is affirmed.

*Judgment affirmed on the main and the cross-bills of exceptions. Sutton, C.J., and Worrill, J., concur.*