*Stone & Stone*, for plaintiff in error.

*A. H. Gray*, contra.

33962. St. Paul-Mercury Indemnity Co. *et al. v.* Burke.

Worrill, J. Findings of fact by the State Board of Workmen's Compensation, if supported by any competent evidence, are conclusive, in the absence of fraud, and cannot be set aside by the courts. *Bituminous Casualty Corp.* v. *Wilbanks*, 68 *Ga. App.* 631 (23 S. E. 2d, 519); *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385 (36 S. E. 2d, 842). There was ample evidence to support the findings. It follows that the superior court did not err in affirming the award.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

Decided April 19, 1952—Rehearing denied May 9, 1952.

*Currie & McGhee*, for plaintiffs in error.

*Scott Walters Jr., Albert A. Roberts*, contra.

On May 25, 1950, William Henry Burke, claimant, sustained an injury arising out of and in the course of his employment by Long Construction Company, which was insured by St. Paul-Mercury Indemnity Company. While he was using a hammer at the Darlington Apartments, a chip from the hammer flew and entered the side of his left arm. The case was heard before a single director on June 7, 1951. The claimant testified substantially as follows: His injury was caused by a piece of steel going into his arm. The employer sent him to Dr. Clark, who took a lance, split his arm open, probed in it, bound it up, and told him to come back the next day. His arm did not improve and he was not able to use it. It pained him all the way up the arm. Then he was treated by Dr. Joseph Read until he ceased work for Long Construction Company. His arm kept getting worse and worse all the time. Since then he has done first one little job and then another. He could do very little without straining his arm. About the first of August, 1950, he was transferred to another job for Long Construction Company, and after he worked a few days they laid him off. He next worked at Westview, but was laid off. He was not able to do

a full day's work. About the first of September, he worked for Barge Thompson in West End, and was laid off because "he said I could not do the work." The job was just started at that time. Next he worked a day and a half on the Billy Graham tabernacle, but was again laid off, although the construction had just begun. He was classified as a carpenter on these jobs. About the last of November or the first of December he worked as a laborer for Barge Thompson, but was again laid off. He hasn't worked anywhere since, being unable to because of his arm. His shoulder began to get stiff about ten days or two weeks after he was hurt. It kept getting worse and worse. The shoulder is still in the same shape. He cannot move his arm back. He can move it up to his mouth. Before Dr. Mabon worked on it he could not get his hand to his mouth. Dr. Mabon blocked the nerve and shoulder and neck. As to a planned operation which was canceled,.he testified that they told him that they were going to explore the nerve. He told an intern that his arm was better and that he could get his hand to his mouth. He still could not work and move his shoulder. Dr. Thomas P. Goodwyn testified that he examined the claimant on May 17, 1951, at which time he was complaining of an injury that he had had on May 25, 1950, and that he had about 40 or 45% disability in the shoulder.

The findings of fact of the single director are as follows: "After a thorough consideration of all the evidence offered in this case, I find as a matter of fact that William Henry Burke was employed by Long Construction Company at an average weekly wage of $74, and that on May 25, 1950, while so employed he sustained an accidental injury to his left arm which grew out of and in the course of his employment. It is necessary to refer to the records in this case for a clear understanding, and the records show that an agreement was entered into between the parties to pay claimant compensation at the rate of $24 per week from and including March 1, 1951, for an injury of May 25, 1950, which agreement was approved by the board on April 5, 1951. This hearing was set by motion of the full board 'to correct agreement and determine extent of claimant's disability since date of accident.' There was nothing in the record and no evidence offered as to the number .of weeks

compensation was paid under said agreement. The claimant appeared in person and testified in a straight-forward manner that he received an injury on May 25, 1950, while doing carpenter work when a steel piece of metal from a broken hammer entered the side of his left arm; that after his injury he was transferred from one job to the other, and around August 1 his foreman discharged him and he had been unable to hold a job since that time. There is a variance in the medical evidence. Dr. R. F. Mabon testified that claimant had a loss of use of the arm of 25%, and Dr. Thomas P. Goodwyn testified by deposition that he had a loss of use of the arm of 40 to 45%. Based on this medical evidence and the claimant's evidence, I find as a matter of fact that claimant has suffered a 45% loss of the use of his left arm as the result of this injury, and that he is entitled to compensation of $24 per week commencing June 1, 1950, and continuing for a period not to exceed 90 weeks or until there is a material change in the said arm, and that the Long Construction Company, employer, and/or St. Paul-Mercury Indemnity Company, insurer, are entitled to take credit for the number of weeks which they paid compensation to claimant under the agreement approved by the board on April 5, 1951, the number of weeks not being shown by any evidence, and that he is further entitled to all necessary and reasonable surgical, hospital, and medical expenses as a result of said injury not to exceed the maximum provided under the act."

The award is as follows: "Wherefore, based on the above findings of facts and the records in the file, Long Construction Company, employer, and/or St. Paul Mercury Indemnity Company, insurer, are directed to pay William Henry Burke, claimant, compensation of $24 per week commencing June 1, 1950, and continuing for a period not to exceed 90 weeks or until there is a material change in claimant's condition and are further directed to pay all necessary and reasonable surgical, hospital, and medical expenses in connection with this injury not to exceed $750, the maximum provided under the act. All compensation and medical expenses that have accrued are directed to be paid promptly. This the 23rd day of July, 1951."

The full board found ample evidence in the record to sustain the findings of fact and conclusions of law in the award of the

single director, and on August 28, 1951, entered an award of affirmance. On appeal to the Superior Court of Fulton County the award of the full board was affirmed. To this judgment the defendant excepted.