34639. FLEMING *v.* FIDELITY & CASUALTY COMPANY OF NEW YORK *et al.*

DECIDED NOVEMBER 7, 1953—REHEARING DENIED DECEMBER 16, 1953.

*Wm. O. Carter,* for plaintiff in error.
*Knox & Neal,* contra.

QUILLIAN, J. ■ The evidence in this case is in sharp and irreconcilable conflict. That introduced by the claimant tended to establish that the accident resulting in his injuries arose out of and in the course of his employment, while the employer's evidence was to the contrary. The plaintiff contended that he had in his charge the truck which was wrecked, at the time when he sustained the injuries for which he seeks compensation, for the purpose of conveying himself and another employee back to the site of the construction work that they were doing for the employer. The employer contended that the claimant had the truck in his possession on the Saturday night previous, only with the limited permission to use it in visiting certain of his relatives in

and around Thomson, and had no right to use it at all on the occasion when he was injured. The employer's evidence showed that the injury for which the claimant seeks compensation occurred when the truck was wrecked on Monday morning while it was in the claimant's possession without the employer's consent and at a time when the claimant had no right *at all* to use it for any purpose. The claimant and another employee of the defendant were returning to the job in the truck after having spent Sunday night at a point between Sparta, Georgia, and Milledgeville, Georgia. In these circumstances, the finding of fact by the State Board of Workmen's Compensation that the accident did not arise out of or in the course of the claimant's employment, and that, consequently, he was not entitled to an award of compensation, was authorized, and neither the superior court nor this court can reverse the finding of the board denying compensation, in the absence of some error of law appearing. *Kell* v. *Bridges*, 80 *Ga. App.* 55 (1) (55 S. E. 2d 309).

Able counsel for the plaintiff in error contends that, though a servant operating his master's vehicle deviates from the route that the duties of his employment require, he is still in the course of his employment. In his very thorough brief he insists that this is especially true, under the holdings of this court, when the servant has returned or is returning to the course his master has selected for him to travel. With much industry he cites a mass of well-chosen decisions to support his position. But, under the evidence in this case, it is not a matter of whether the servant simply deviated from a way authorized or directed by his master, but the issue made by the evidence is whether he had a right to use his master's truck in making any part of the trip on which the accident resulting in his injury occurred. In short, the issue is not the way in which he went, but whether he had the right to go at all.

■ Counsel for the plaintiff in error further contends that the award should be set aside because the depositions of one of his witnesses, whose testimony was unfavorable to him was not introduced in evidence, but was considered by the single director and by the board in rendering the decision in this case. He overlooks the agreement that counsel for each party entered into before the notary public that these depositions were to be mailed to the board and used as evidence in the case. Nowhere in his

brief does he deny that the agreement was made. But, even if the testimony of this witness, which was admittedly damaging to his cause, had not been admitted in evidence, there was still sufficient evidence on behalf of the employer to create an issue of fact which only the State Board of Workmen's Compensation had jurisdiction to solve.

In view of what is written above, we must affirm the judgment of the superior court, affirming the award of the State Board of Workmen's Compensation denying compensation.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*