35495.   PEPPERELL  MANUFACTURING  COMPANY  *v.*
MATHIS.

DECIDED MAY 23, 1955.

86

*Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.
*C. T. Culbert,* contra.

NICHOLS, J. In the brief of counsel for the claimant it is argued that, under the agreement of counsel for both parties, it was admitted that there was *some* disability as a result of the accident on June 13, 1951, and that the only inquiry was as to the extent of the disability. On the contrary, counsel for the employer contends that the issue was as to the extent of the disability if caused by the accident. Because of this difference of opinion we have set forth in the statement of facts the details on which the respective contentions are based. It will be seen from these recitals that the director asked if it was agreed that the accident arose out of and in the course of the employment. The answer of counsel for the employer was an unequivocal "Yes." The director then stated, "That narrows the issue down to determining the extent of disability." There was no response to this statement. Thereafter counsel for the employer stated, "I think we can enter into one or two other stipulations." He then stated: "We can stipulate that any disability she suffered began as of *February 14, 1953*," and that "any injury for which recovery is sought is confined to an injury to the left knee." (Italics ours.) Properly construed, we think the full context shows that counsel for the employer admitted that any disability the claimant suffered began as of February 14, 1953, but did not admit that the disability, if any, then arising was caused by her accident on June 13, 1951. He was therefore at liberty to contend as to whether or not the evidence showed disability arising from such accident or from some other cause. Upon a careful examination of the record, we hold that, while there was some evidence as to the disability, there was no evidence showing that the disability was traceable to or aggravated by the accident suffered by the claimant on June 13, 1951. It appears that she worked on her accustomed job for about one year and eight months thereafter and then had to quit her work because of swelling and pains in and about her left knee. The judge of the superior court apparently reversed the award of the full board because of the fact that the claimant complained of pain, and it was not shown that she was not in good physical condition on the day of the accident. However, it was shown that she continued on her job until February 14, 1953, and there was testimony from which the full board, acting in a de novo investigation, could

find that her pains were due to arthritis in and about both knees or otherwise than because of the accident on June 13, 1951. Under repeated rulings of this court, when there is any evidence to support the findings of the full board, its award can not, in the absence of some error of law appearing, be reversed. *Bituminous Casualty Corp.* v. *Wilbanks*, 68 *Ga. App.* 631 (23 S. E. 2d 519) ; *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385 (2a) (36 S. E. 2d 842) ; *Kell* v. *Bridges*, 80 *Ga. App.* 55 (1) (55 S. E. 2d 309) ; *Fleming* v. *Fidelity & Cas. Co.*, 89 *Ga. App.* 405, 406 (79 S. E. 2d 407). Accordingly, the Superior Court of Floyd County erred in reversing the award of the full board.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*