36842. PADGETT *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED OCTOBER 4, 1957.

*William F. Woods,* for plaintiff in error.

*Ferdinand Buckley, Burt DeRieux, Greene & Neely,* contra.

NICHOLS, J. 1. The evidence adduced at the hearing before the single director in the present case showed that the deceased worked as a night watchman for the employer, that his duties required him to make one round of the plant each hour, that it took him approximately 15 or 20 minutes to make a round, that the remainder of the time he sat in the boiler room of the plant, that in making the rounds he was required to climb 15 or 20 steps at one point and onto a platform 2 and ½ or 3 feet high at another point, that on December 13, 1955 the deceased fell on the platform while making the 2 a.m. round and was observed by a fellow employer while getting up, that he did not make the 3 a.m. round that night but did make the rest of his rounds, that he was carried home by a fellow employee at 6 a.m. and

never returned to work, that he was treated by Dr. A. M. Hendrix from that time for a cardiac insufficiency and edema of the lungs and was hospitalized from December 16th to 20th, that Dr. Hendrix saw him, in addition to the time when he was in the hospital, on December 21, 1955, and on January 6, 12, and 17, 1956, that the deceased died of a coronary occlusion on January 21, 1956 in such doctor's office, that the coronary occlusion came on very suddenly and was not a gradual thing, and that the deceased was being treated for a different condition from the one from which he died. In addition to Dr. Hendrix, whose testimony is shown above, there was one other medical witness, Dr. Roy H. McClung, who testified by deposition. Dr. McClung testified in part that if the coronary occlusion occurred more than a month after the exertion such exertion would not have caused it.

Under the above evidence the board was authorized to find that the deceased did not die as the result of an injury arising out of and in the course of his employment, and where there is any evidence to support the award of the State Board of Workmen's Compensation it will not be disturbed on review. *Pepperell Mfg. Co.* v. *Mathis*, 92 *Ga. App.* 85, 88 (88 S. E. 2d 201); *Short* v. *Glendale Mills, Inc.*, 95 *Ga. App.* 238 (97 S. E. 2d 541). Accordingly, the judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation which denied the claimant compensation.

2. In view of the above ruling it is unnecessary to pass on the additional finding of the board that the notice required under Code § 114-303 was not given.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*