### 37072. ST. PAUL-MERCURY INDEMNITY COMPANY *et al. v.* FLETCHER.

NICHOLS, Judge. 1. Where an award of the State Board of Workmen's Compensation is supported by any evidence, no error of law appearing, it must be affirmed on appeal. *Bitu-*

*minous Casualty Corp.* v. *Wilbanks,* 68 *Ga. App.* 631 (23 S. E. 2d 519) ; *Harper* v. *National Traffic Guard Co.,* 73 *Ga. App.* 385 (2a) (36 S. E. 2d 842) ; *Kell* v. *Bridges,* 80 *Ga. App.* 55 (1) (55 S. E. 2d 309) ; *Fleming* v. *Fidelity & Cas. Co.,* 89 *Ga. App.* 405, 406 (79 S. E. 2d 407) ; *Pepperell Mfg. Co.* v. *Mathis,* 92 *Ga. App.* 85, 88 (88 S. E. 2d 201).

2. In order to support an award for an alleged "change in condition" there must be evidence that the claimant's condition has changed subsequent to the previous award of the board in which the claimant's condition was adjudicated. *Phinese* v. *Ocean Accident &c. Corp.,* 81 *Ga. App.* 394 (58 S. E. 2d 921) ; *Fletcher* v. *Aetna Casualty &c. Co.,* 95 *Ga. App.* 23 (96 S. E. 2d 650).

3. In the present case the testimony of the claimant to the effect that his condition was worse at the time of the hearing on the change of condition was some evidence, though possibly only slight evidence, to support the award of the board that there had been a change in condition. When this evidence is considered in connection with the medical evidence as to what the claimant's present condition is it cannot be said that the award of the board that the claimant was, at the time of the hearing, temporarily totally disabled was without evidence to support it. See *Travelers Ins. Co.* v. *Hammond,* 90 *Ga. App.* 595 (83 S. E. 2d 576), and *General Motors Corp.* v. *Craig,* 91 *Ga. App.* 239 (85 S. E. 2d 441). Therefore, the Superior Court of Fulton County did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED MARCH 18, 1958—REHEARING DENIED APRIL 3, 1958.

*Smith, Swift, Currie & McGhee, Charles L. Weltner,* for plaintiffs in error.

*J. Richmond Garland, Harry E. Monroe,* contra.

James C. Fletcher, Al Morton Tires, Inc., and St. Paul-Mercury Indemnity Company entered into an agreement, which provided that Fletcher, the claimant, had suffered an injury to his back on August 24, 1955, which injury arose out of and in the course of his employment with Al Morton Tires, Inc., and that as a result of such injury he was suffering from a 20 percent permanent disability. Compensation for a 20 percent

permanent disability was awarded the claimant and a lump sum settlement was ordered by the board on April 4, 1956, as a result of such agreement. On December 31, 1956, the claimant requested a hearing to determine a change in condition, which hearing was held on February 28, 1957. The deputy director found that the claimant had not carried the burden of proving a change in condition and denied additional compensation. On appeal to the full board an award was entered finding the claimant temporarily totally disabled. The employer and insurer appealed to the Superior Court of Fulton County where the award of the full board was affirmed, and it is to this judgment that the employer and insurer now except.