38222. MILLEDGEVILLE STATE HOSPITAL *v.* NORRIS.

NICHOLS, Judge. 1. "Where an award of the State Board of Workmen's Compensation is supported by any evidence, no error of law appearing, it must be affirmed on appeal. *Bituminous Casualty Corp.* v. *Wilbanks,* 68 *Ga. App.* 631 (23 S. E. 2d 519); *Harper* v. *National Traffic Guard Co.,* 73 *Ga. App.* 385 (2a) (36 S. E. 2d 842); *Kell* v. *Bridges,* 80 *Ga. App.* 55 (1) (55 S. E. 2d 309); *Fleming* v. *Fidelity & Cas. Co.,* 89 *Ga. App.* 405, 406 (79 S. E. 2d 407); *Pepperell Mfg. Co.* v. *Mathis,* 92 *Ga. App.* 85, 88 (88 S. E. 2d 201)." *St. Paul-Mercury Indem. Co.* v. *Fletcher,* 97 *Ga. App.* 429 (1) (103 S. E. 2d 438).

2. "Where . . . compensation is sought under the Workmen's Compensation Law, based on an accident growing out of the death of the employee due to a heart attack alleged to have been precipitated by exertion on the part of such employee while in the course of his employment, in order for there

to be a recovery on the part of the claimant, either the evidence must show the work engaged in by the employee to have been sufficiently strenuous or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that the exertion contributed toward the precipitation of the attack, or there must be medical testimony that the exertion, however slight, would have been sufficient to precipitate such an attack." *Hoffman* v. *National Surety Corp.*, 91 *Ga. App.* 414 (85 S. E. 2d 784); *Callaway Mills Co.* v. *Hurley*, 100 *Ga. App.* 781, 782 (112 S. E. 2d 320).

3. Applying the above law to the facts in the present case there was evidence that, just 15 days before the incident that allegedly caused the death of the claimant's husband, he had been under treatment for angina pectoris, diabetes mellitus, and mild arterial sclerotic heart disease, that immediately before the attack which caused his death almost instantaneously he had been engaged in subduing an inmate at the Milledgeville State Hospital where he was employed as an attendant, that it took about a minute to subdue such patient, that when patients there get overly excited they are extra strong and it takes more strength to subdue them than it does a normal man. Based on the above evidence a physician, Dr. Robert P. Coggins, testified that such strain, in his opinion, contributed to the death of the claimant's husband. Accordingly, no error of law appearing, regardless of what other testimony was adduced on the hearing, the judgment of the Superior Court of Baldwin County affirming the award of the State Board of Workmen's Compensation allowing compensation to the claimant for the death of her husband must be affirmed.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*

DECIDED APRIL 12, 1960.

*Eugene Cook, Attorney-General, John L. York, Assistant Attorney-General,* for plaintiff in error.

*Emory L. Rowland,* contra.