45438.   McINTYRE v. EMPLOYERS MUTUAL
LIABILITY INSURANCE COMPANY et al.

Pannell, Judge. 1. "Findings of fact made by a Director of the State Board of Workmen's Compensation or by the full board upon an appeal, when supported by any competent evidence are, in the absence of fraud, conclusive on the courts and such

findings will not be set aside in the absence of errors of law. *Bituminous Casualty Co. v. Wilbanks,* 68 Ga. App. 631, 636 (23 SE2d 519); *Harper v. National Traffic Guard Co.,* 73 Ga. App. 385 (2a) (36 SE2d 842)." *Kell v. Bridges,* 80 Ga. App. 55 (1) (55 SE2d 309).

2. "[I]t was not only within the power, but was the duty of the board to pass on the competency of the claimant to file [her] claim (*Kell v. Bridges,* 77 Ga. App. 424, 48 SE2d 780), . . . and the evidence having authorized the finding by the board that the claimant's mental and physical condition subsequently to the date [she] claimed [she] was injured was not such as to prevent [her] from filing a claim with the board within one year from such date as provided by § 114-305 of the Code, and that the claimant's claim for compensation was barred by the statute of limitations for failure to file [her] claim within one year from the date of the alleged accident, the judge of the superior court did not err in denying the appeal and affirming the award of the board." *Kell v. Bridges,* 80 Ga. App. 55 (2) supra. See also *Royal Indem. Co. v. Agnew,* 66 Ga. App. 377 (18 SE2d 57); *Kell v. Bridges,* 77 Ga. App. 424 (2) (48 SE2d 780); *McDonald v. Travelers Ins. Co.,* 81 Ga. App. 614 (59 SE2d 537).

3. Assuming, without deciding, that the claim here was based upon an occupational disease and assuming, without deciding, that the competency of the claimant as to the filing of a claim under such circumstances was ordinarily a matter for determination by the Medical Board under *Code Ann* § 114-819, the evidence as to the medical questions here, that is, the competency of the claimant, was not in conflict, and under these circumstances the State Board of Workmen's Compensation had jurisdiction to make award without committing this case to the Medical Board. *Burton v. Aetna Casualty &c. Co.,* 115 Ga. App. 112 (153 SE2d 734).

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
SUBMITTED JULY 7, 1970—DECIDED SEPTEMBER 8, 1970.

*John D. Edge,* for appellant.
*George W. Mullins, Jr.,* for appellees.