19268.  BLANCHARD *v.* SAVANNAH RIVER LUMBER CO.

DECIDED SEPTEMBER 9, 1929.  REHEARING DENIED OCTOBER 4, 1929.

*Cobb & Bright, for* plaintiff.

*Hitch, Denmark & Lovett,* for defendant.

STEPHENS, J.  ■  H. A. Blanchard's claim for compensation was denied by the industrial commission, and the judgment of the commission was affirmed by the judge of the superior court.  It appears, from the evidence, that Blanchard, while in the employ of the Savannah River Lumber Company, some time about the first part of June, 1927, received an injury from a loose board which flew up and struck his foot after the board had been stepped upon by another person.  It also appears from the evidence that about August, 1926, Blanchard received a sprain in the same foot.  It also appears, from the evidence, that after the injury to the foot as a result of its coming in contact with the board in June, 1927, a tubercular condition in the bone of the foot was discovered.  It also appears that prior to the injury to his foot in 1926 he suffered from a tubercular condition in his lungs.  One physician who had treated him for the 1927 injury testified that in his opinion the tubercular condition of the foot was caused from the injury sustained by the foot's coming in contact with the board in 1927; giving as his reason therefor that the injury caused by the board was

more likely to bring about the tubercular condition than the sprain of the foot. This was merely the opinion of the witness. There was other testimony by physicians who had examined Blanchard, and of a physician who had examined an x-ray of his foot. None of them testified as to any causal relation between Blanchard's trouble and either of the injuries to his foot, but they agreed that the trouble was tubercular, and some of them testified that such a condition could have set in rapidly, and that it usually follows an injury or trauma or blow on the bone. One physician testified that the tubercular condition of the foot could have been, as he expressed it, "lighted up" by the injury which caused the sprain of the foot in 1926. This physician was the only one of the testifying physicians who had treated Blanchard for the sprained condition of his foot in 1926. He treated him also after the injury to his foot in June 1927. This physician testified that when Blanchard came to him for treatment to his foot, which was during the latter part of July, 1927, Blanchard stated that he had "come back with that old foot," and that it was still bothering him; that Blanchard made no reference to any injury to his foot in 1927. Blanchard himself testified: "I told him I was back with that old foot, that I hurt it again." The evidence shows that Blanchard continued at work from the date of the injury to his foot, which was the first part of June, 1927, until July 2, when he left work to take a vacation, that his foot hurt during the vacation period, that he returned to work on July 18, and that on July 23 he consulted a physician. It was not until this later date, more than thirty days after the injury, that the first report of the injury was made to the employer. No claim for compensation arising out of the injury in 1926 was ever filed.

The burden was upon the plaintiff to establish his right to compensation by showing that his present condition arose "naturally and unavoidably from the accident" of 1927, as provided in section 2 (d) of the workmen's compensation act. (Ga. L. 1920, p. 167, as amended, Ga. L. 1922, pp. 185, 188). This burden he does not carry by undisputed and unconflicting evidence, as he must do in order to set aside the award of the industrial commission, or by evidence from which the inference can be drawn that his present condition resulted naturally and unavoidably from the accident of 1927. See in this connection *Bell* v. *State Life Insurance Co.,* 24 *Ga. App.* 497 (5b) (101 S. E. 541). After a consideration of

the evidence the full commission held that "the relationship between the accident [meaning the accident from the board in 1927] and the present condition is not sufficiently close to conclude that the present condition resulted naturally and unavoidably from the accident." Since the workmen's compensation act, in section 59, provides that awards of the industrial commission "shall be conclusive and binding as to all questions of fact," the finding of the commission, which is supported by evidence, that the claimant is not entitled to compensation, because his present condition did not result naturally and unavoidably from the accident, must be taken as conclusive of the facts. Any right to compensation arising out of the injury of 1926 is barred, since no claim for such compensation was ever filed within a year after the injury. Section 25 of the workmen's compensation act. It follows therefore that, upon an appeal to the superior court, which was based solely upon the ground that the finding of the industrial commission was without evidence to support it and contrary to law, the judge of the superior court did not err in affirming the award of the industrial commission.

■ Since, as was held in the case of *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75), the judge of the superior court, in passing upon an appeal from an award of the industrial commission, has no discretionary power to set aside the award, there is no merit in the grounds of the exception that the judgment of the superior court affirming the award should be set aside upon the ground that it appears from his order that, while he affirmed the award solely upon the ground that there was some evidence to support it, he was nevertheless of the opinion that the claimant was justly entitled to compensation, and that he hoped that his judgment affirming the award would be reversed by the Court of Appeals.

As there was evidence to support the award, we must affirm the judgment of the superior court affirming the award.

*Judgment affirmed. Bell, J., concurs. Jenkins, P. J., concurs specially.*

### ON MOTION FOR REHEARING.

JENKINS, P. J., concurring specially on denial of motion for rehearing. This is a case about which I have entertained doubt, though concurring in the original judgment, and now, on motion for

rehearing, again concur in the judgment denying the same. It is not always that the members of this court, in affirming a judgment, would themselves have joined in the same verdict or judgment as originally rendered, but, as was said by Judge Adams in *Western & Atlantic R. Co.* v. *Hunt,* 116 *Ga.* 448 (42 S. E. 785), "We fully recognize that questions of fact are for the jury [in this case for the Industrial Commission], and that their discretion as to the facts is a wide one. We believe also that they are better judges of the facts than are courts, and we have great respect for their verdicts. They are often affirmed in cases where it seems clear to the members of the appellate court that if they had been in the jury-box they would have rendered a different verdict." The Court of Appeals, by the terms of its very establishment, was instituted to correct errors of law, not to interfere with findings upon issues of fact. Where all the evidence points one way, and demands a contrary finding, this court has power, of course, to set aside a verdict as being without evidence to support it, and for that reason contrary to law; but except in such cases it has no power with reference to questions of fact. As to the conclusiveness of the Industrial Commission's findings upon issues of fact, the act itself, and the decisions of the Supreme Court, as well as the previous decisions of this court, are uniform, plain, and authoritative. The Supreme Court, in *Maryland Casualty Co.* v. *England,* cited in the main opinion in this case (supra), held: "Upon an appeal to the superior court from any final award or any other final decision of the Industrial Commission, the findings of fact made by the commission within its power are, in the absence of fraud, conclusive." This proposition, however, is not disputed by counsel for movant, his position being that, while the burden was upon the claimant to make out his case, the evidence proved, and proved without dispute, that the diseased condition of the foot was occasioned by the injury of June, 1927. He strongly urged throughout the presentation of the case before this court that the record does not disclose "any evidence" to support the decision; and it is my purpose to briefly deal with this one contention, reiterated and emphasized in his brief on motion for rehearing.

The claim was first heard by Commissioner Stanley, whose judgments we have found to be both able and fair. On appeal his judgment denying compensation was sustained by the full commission.

Compensation was denied by the commissioner and by the commission on two grounds: first, that the claimant failed to carry the burden of showing that the condition of his right foot resulted naturally and unavoidably from the accident of June, 1927; and second, that the claimant failed, after admittedly not· giving the employer notice of the accident within thirty days, to make a reasonable excuse, to the satisfaction of the commission, for not giving such notice, and to prove to the satisfaction of the commission that his employer had not been prejudiced thereby. The written findings by Commissioner Stanley are in part as follows:

"We have here, as we have in numerous cases, a divergence of opinion between physicians. Some of these physicians think that the condition of Blanchard's foot is due to a recent injury, while the contrary is true with reference to the testimony of Dr. Waters. As a result of the sprain sustained by Blanchard in 1926, he lost no time, but his wages were continued by his employer. Mr. Blanchard alleges that he had an injury to his foot the latter part of May or the first part of June, 1927. This was not reported to his employer until after July 18, or for a period of more than· six weeks following the accident. Mr. Blanchard was foreman, and the fact that he had an accident was testified to by H. J. Smith, another employee. Had Smith received the accident which was witnessed by Blanchard, it would have been notice to the employer; but Smith being under Blanchard, the fact that he witnessed the accident was not a notice to the employer, nor was any notice given orally or in writing until after July 18th. Unquestionably, Blanchard is in a serious condition. He is of a tubercular type, and had a serious tubercular condition in 1924, so much so that he was sent to Denver, Colorado, where he stayed a few weeks. Returning, he was again given employment by the Savannah River Lumber Company, but not the kind of employment he had prior to going away. Gradually his wages were advanced until, at the time when he was forced to quit work in July, 1927, he was receiving the same wages he had received prior to his leaving for Denver in 1924, and was filling again the position of foreman.

"The workmen's compensation act, the courts time and again have stated, must be construed liberally, and this is always in the mind of the commissioner in arriving at a decision in a claim for compensation. There are certain requirements of the law, how-

ever, which must be met. One of the requirements is notice. Section 23 provides that notice to the employer must be given either orally or in writing within thirty days, unless the employer, his agent, representative, foreman, or the immediate superior of the injured employee had knowledge of the accident, or unless a reasonable excuse is made to the satisfaction of the commission for not giving such notice and it is reasonably proved to the satisfaction of the commission that the employer had not been prejudiced thereby. The failure of Blanchard to give notice to his employer is fatal in this case. It is less excusable in a man holding the position Blanchard held than in any other employee. He was foreman of the business. He was supposed to know much more about the requirements of the law than any employee under him, and as much even as the superintendent. The commissioner also thinks that he failed to prove that the accident arose out of and in the course of his employment. The only person to know anything about it was an underling. He continued to work for several weeks, and seemed not to have told anyone that he had had an accident. There was too great a lapse following the accident when nothing was said about it, nor did Smith seem to attach enough importance to the occurrence to speak to any one with reference to it. If the tubercular condition of the foot was due to the accident of 1926, the case is barred by the statute of limitations. While some of the physicians stated they thought that the condition of the foot was most likely the result of the accident in 1927, none of them were any too certain about it. We must have not probable testimony, but positive testimony."

On appeal to the Industrial Commission as a whole, the ruling was as follows: "After reviewing the record in this case, the full commission is of the opinion, that, while the evidence shows that the accident arose out of and in the course of employment, the relationship between the accident and the present condition is not sufficiently close to conclude that the present condition resulted naturally and unavoidably from the accident. We are further of the opinion that report of this accident was not made to the employer within the time provided by law, and that by the failure of the employee to make a proper report the employer is relieved of . liability for compensation. The conclusions of law and findings of fact of Commissioner Stanley are affirmed and made a part of

this award, and his award denying compensation is affirmed, except his opinion that the employee failed to prove that the accident arose out of and in the course of his employment."

Judge Meldrim of the superior court, in affirming the ruling of the Industrial Commission, wrote the following opinion: "I have held up this case longer than I usually do, but I have done so with the vain hope that I could see my way legally to reverse the judgment of the commission and award to the employee the compensation to which, in my opinion, he is justly entitled. But I am governed by the decision of the Court of Appeals in construing the somewhat remarkable statute known as the workmen's compensation act. I understand the law to be that 'findings of fact by the commission are, in the absence of fraud, conclusive.' 35 *Ga. App.* 325 (3). 'The findings of the commissioners can not be reversed in the superior court, if there is *any evidence* to support the finding.' 35 *Ga. App.* 182 (132 S. E. 240). As there is *some evidence* to support the finding, it can not be reversed either by the superior court or by the appellate court. Ibid. 184. There is no suggestion of fraud, and there is some evidence to sustain the finding. I have no option in the matter. The judgment of the commission must be and is affirmed, solely for the reason stated. I trust the decision may be taken to the Court of Appeals, where I hope it may be reversed."

Section 25 of the workmen's compensation act provides that the right to compensation is barred unless a claim is filed with the Industrial Commission within one year after the accident. If, therefore, the diseased condition of the bone was occasioned by the injury which occurred in 1926, the claim is barred by this section of the act. See *U. S. Casualty Co.* v. *Smith,* 162 *Ga.* 130 (133 S. E. 851). Section 23 of the act also provides for the giving of notice by the employee of an accident, and stipulates that "no compensation will be payable unless such notice, either oral or written, is given within thirty days after the occurrence of an accident, unless it can be shown that the employee had been prevented from doing so by reason of physical or mental incapacity or by fraud or deceit, or that the employer, his agent, representative, foreman, or the immediate superior of the injured employee had knowledge of the accident, or unless a reasonable excuse is made to the satisfaction of the commission for not giving such notice, and

it is reasonably proved to the satisfaction of the commission that the employer had not been prejudiced thereby." Pretermitting any discussion of the question of notice, the failure to give which the commission holds was not satisfactorily explained to it, and was therefore not excused, I desire to briefly deal with the contention made by movant on his motion for rehearing, to wit, that the evidence indubitably proves, and proves without any sort of dispute, that the diseased condition of the foot was occasioned by the injury of June, 1927. From a consideration of the statement of facts in the main opinion, it will be seen that it was the opinion of the experts that the diseased condition of the right foot might have resulted from a localization in the foot of the tubercular germs already in the system, as indicated by the previous lung condition, without any sort of injury to the foot, or, as was more likely the case, that such diseased condition of the foot might have been brought about by an injury thereto inducing a localization of the disease germs already in the system. On the assumption that the diseased condition of the foot was brought about by an injury thereto, most of the experts refused to express an opinion as to whether the first injury or the second injury induced such localization. It will be borne in mind that the defendant could not be held liable if the diseased condition was brought about by the first injury. One of the physicians testified that in his opinion it was more likely to have been brought about by the second injury, and such an inference could be readily drawn from the testimony of the claimant himself. Another physician, an x-ray specialist, testified that the x-ray showed no evidence of any injury at all, although it did show a thinning of the bones which was an indication of tuberculosis. Thus, while it is true that one of the x-ray specialists seemed to throw doubt upon the question whether there had been any actual injury to the bone, and while the doctor who had previously treated the claimant for the injury of 1926 testified that the claimant stated that he had "come back with that old foot," and that it was "still bothering him," and that he "made no reference to any injury of his foot in 1927," and while, in determining the nature and character of the alleged injury, the commission had the right to consider the fact that the claimant continued work and did not report the second injury for about six weeks after the accident, I am nevertheless convinced that under the evidence submitted on

his behalf a liberal construction of the act could have well authorized the allowance of compensation.

But in spite of this conviction, I have been unable to bring myself in agreement with the contention of counsel that the claimant not only carried the burden of proving his case, so that a finding in his favor was authorized, but that he proved it indubitably and without dispute, so as to absolutely forbid a finding to the contrary. The question for our consideration is not so much whether there was "any evidence" to contradict and disprove the testimony on behalf of the claimant seeking to establish the theory advanced by him that the tubercular condition of the bone resulted from a second injury, but whether the claimant had indisputably proved his theory so plainly that no other rational conclusion could be justified. The burden of proof was upon the claimant, and it can not be said that the commission was absolutely compelled to accept as true the theory advanced by him. It is true that there was one witness who said that, in his opinion, it was "more likely" that the diseased condition of the foot was brought about by the second injury, and there was no witness who expressed a contrary opinion, although several experts refused to express an opinion at all. How much weight should be given to the opinion expressed by the one expert, especially in view of the fact that the other experts refused to express any opinion, was a question to be determined by the commission. Especially would this be true where the opinion of the expert is coextensive with the entire scope of the commission's investigation, and if obliged to be accepted would be absolutely decisive of the one issue to be determined by it. While competent expert testimony is entitled to great weight, it is not so authoritative that either court, jury, or commission is bound to be governed by it, since it is advisory merely and intended to assist them in coming to a correct conclusion. Consequently courts, juries, and commissions, in determining the issues they are called upon to settle, may and should take into consideration all the surrounding facts and circumstances attending the subject-matter of the inquiry. See 6 Enc. Digest Ga. R. 105; 6 Cum. Supp. 73.

I have undertaken to set forth my personal views with respect to a case which has not been without doubt or difficulty, in order to more particularly consider and deal with the contention of counsel in his argument on the motion for rehearing. To repeat, the

burden was upon the claimant. The commission is the final arbiter upon what has and what has not been proved, as well as what has and has not been disproved. In order to overturn its findings, this court would have to say not only that there was no evidence, direct or circumstantial, tending to contradict the testimony given in support of the theory advanced by the claimant, but that the claimant had indisputably proved his theory so plainly that no other rational conclusion would be justified. While, as above indicated, I think the evidence would have well authorized a finding in behalf of the claimant, I join in the judgment and opinion of my colleagues, because I do not think this court can properly take the position just indicated.