262

*Joseph G. Faust,* for plaintiff.
*Cumming & Harper,* for defendants.

20416. AMERICAN MUTUAL LIABILITY INSURANCE
COMPANY *et al. v.* BROWN.

DECIDED OCTOBER 7, 1930. REHEARING DENIED NOVEMBER 12, 1929.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in
error.

*G. C. Thompson,* contra.

BLOODWORTH, J.   The defendant in error, Tom Brown, signed
a paper which is not dated, but which reads in part as follows:
"This is a final settlement receipt.   Signing it means that compen-
sation payments cease.   Received of American Mutual Liability In-
surance Company the sum of $166.67, being the final payment of
compensation due me under the Georgia workmen's compensation
law, for all injuries received by me on or about the 11th day of

September while in the employ of Manchester Mills, making in all, with the payments heretofore received by me, the total sum of $186.67, covering a period of 18-2/3 weeks. My disability began on the 13th day of September, 1928, and I was able to return to work on the 29th day of January, 1929." On March 15, 1929, G. C. Thompson, an attorney representing Tom Brown, the claimant, addressed to the industrial commission of Georgia a letter as follows: "On February 14, 1929, the above employee received a check from the insurers named for the amount of $166.67, which covered compensation, as awarded, up to and including January 29th, 1929. On February 14, 1929, the employee applied to his employers for his position, and has since that time reported to them from time to time, but they refuse to put him back to work, on the ground that his condition is such that they are apprehensive that he will again become disabled by reason of the condition of his blood and his liability of infection. This leaves the employee in a rather bad position, as he is deprived of a means of livelihood. If the contention of his employers is correct, then it appears that the employee is still disabled, and it would appear that he is entitled to additional compensation. His present injuries were caused by the accident suffered by him, and if his condition is as claimed by his employers, he is still totally disabled. We wish to respectfully request that the claim may be reopened in order that claimant's rights may be determined." On March 28, 1929, the industrial commission sent notice to Manchester Cotton Mills, employer, and to American Mutual Liability Insurance Company, insurer, informing them that on April 9, 1929, at Manchester, Ga., they would meet and determine the above matter, and "determine the extent of disability and whether additional compensation is due." Counsel for the cotton mills and for the insurance company took the position, both before the industrial commission and on appeal to the superior court, that the industrial commission had no jurisdiction of this case. There is no merit in this contention. *Lumbermen's Mutual Casualty Co.* v. *Lattimore,* 165 *Ga.* 501 (141 S. E. 195).

After the case had been continued more than once it was finally heard at Manchester on June 18, 1929, by Commissioner Max E. Land. After hearing the evidence the commissioner held: "Since the evidence shows conclusively that his [claimant's] disability is the result of the accident, and also that on account of this dis-

ability he is not able to get regular work, and is not able to make half the amount of wages he was able to make before his injury, it appears to the Commissioner herein that it is up to the employer—insurance carrier to pay to this claimant half the difference between the amount he was able to make before and since his injury. I find, as a matter of fact, from the evidence, that the weekly wage of the claimant before the injury was $20, and that the average wages since the refusal of the employer to give him work is $7 per week, and that he is entitled to the sum of $6.50 per week until he has recovered from his disability and [is] able to earn his former wages. Manchester Cotton Mills, employer, and American Mutual Liability Insurance Company, insurance carrier, will therefore commence compensation from the date of the last payment of compensation and pay to Tom Brown the sum of $6.50 per week during his disability or until there is a change in condition as to justify a change in this award." From the award of the sole commissioner the defendants appealed to the full commission.

The award of the sole commissioner was affirmed by the full commission in the following language: "After a review of the evidence in this case the full commission is of the opinion that an award was properly made under section 31 of the compensation act. Disability in this case is of a general nature, and affects not only the arm but the whole body. Section 31 of the compensation act, therefore, applies. The conclusions of law and findings of fact of Commissioner Land are approved and made a part of the award, and the award is affirmed." Manchester Mills and the insurance company appealed to the superior court of Meriwether county, and the judge of that court rendered the following judgment: "After hearing argument of counsel upon foregoing appeal, and upon careful consideration, the court is of the opinion that the order or decree of the industrial commission ought not to be set aside upon any ground alleged. It is therefore ordered and adjudged that said order and decision of the industrial commission appealed from be and is hereby affirmed."

The finding of the sole commissioner and the full commission is supported by some evidence, and the judge of the superior court did not err in affirming the award of the commissioners. *Montgomery* v. *Maryland Casualty Co.,* 169 *Ga.* 746 (151 S. E. 363), and cit. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*