## 28732. EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al. v.* YATES.

Decided March 8, 1941. Rehearing denied March 26, 1941.

*Neely, Marshall & Greene,* for plaintiffs in error.

*W. W. Mundy Jr.,* contra.

PER CURIAM. It appears from the evidence, that the plaintiff sustained an accidental injury arising out of and in the course of her employment, on January 27, 1939, when an apron she was wearing caught in a roller on one of the spinning frames at which she was working, and jerked her up against the frame, the frame striking her body just above the right hip and injuring her; and

that she had suffered from the injury thus sustained up to the date of the hearing before the Industrial Board. The evidence shows that she had received no injury other than the one complained of, and that she was in good health up to the date of the accident. The finding by the director, which was approved by the board, was in part as follows: "In this case the evidence clearly shows that prior to the accidental injury claimant worked regularly and was apparently in good health; that immediately following the accident she became disabled and was out of work for about a week, complaining of pain in her right side; that she then went back to work and worked for several weeks, but during this time was still suffering from pain in the region of her right hip; that she then stopped work and shortly thereafter had a miscarriage; that since the miscarriage occurred claimant has gradually gotten worse, the pain in the region of her right hip and right leg having increased, which now causes her to walk with a decided limp. Under all the facts and circumstances in this case, a reasonable inference and deduction to be drawn is that claimant's present disability resulted from the accidental injury sustained by her on January 27, 1939. There is some doubt in the deputy director's mind as to whether the accidental injury caused the miscarriage; but under the peculiar circumstances of this case, the deputy director is of the opinion that the most reasonable conclusion to be reached is that the accidental injury which was followed by continuous pain up to the date of the miscarriage, precipitated the miscarriage. If the evidence disclosed any other condition to which the miscarriage could be attributed, the deputy director might not have reached this conclusion; but in the absence of any other known condition, and the undisputed evidence that claimant continued to suffer pain from the date of the injury up to the date of the miscarriage, the deputy director is of the opinion that the miscarriage resulted from the injury. And due to the fact that the physicians who examined claimant found that all of her pelvic organs were absolutely normal, the deputy director is of the opinion that the present pain in the claimant's right side and leg, which causes her to limp, is the direct cause of her present disability and resulted from the accidental injury and not from the miscarriage. The evidence shows that claimant was struck just about the right hip, and her colon, which was in this

region, is now two inches below its normal level, and the deputy director is of the opinion that the accidental injury in some manner caused the displacement and enlargement of the colon, and this condition perhaps is contributing toward her present disability. From the preponderance of the evidence the deputy director finds as a matter of fact that as a result of the accidental injury sustained on January 27, 1939, claimant became disabled on July 27, 1939, and since July 27, 1939, claimant has suffered total disability continuously as a direct and proximate result of the accidental injury."

A majority of the court is of the opinion that there was sufficient evidence to authorize the findings of fact and the award of the Industrial Board in favor of the claimant, and that the superior court did not err in affirming the award.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

FELTON, J., dissenting. All of the evidence in the case at bar is opinion evidence. Dr. Livingston, the chiropractor, was not qualified as an expert as to the facts to which he testified, and his evidence touching these facts amounts only to the evidence of a layman. On the other hand, there is expert testimony of two physicians who are qualified as experts. In such a case the testimony of the witness not qualified as an expert must yield to the testimony of the experts. The testimony of the physicians is to the effect that the accident sustained by the claimant had no connection with the miscarriage which she suffered, or the disability which began in July after the accident. Under the facts as shown by the record the claimant failed to carry the burden of showing that she is disabled because of an accidental injury as contemplated by the workmen's compensation act. The Industrial Board erred in awarding her compensation, and the superior court erred in affirming that award.