33536. AMERICAN MOTORISTS INS. CO. *et al. v.*
BLAYLOCK.

410

DECIDED JUNE 5, 1951.  REHEARING DENIED JULY 17, 1951.

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for plaintiffs in error.

*Hicks & Culbert,* contra.

TOWNSEND, J. (After stating the foregoing facts.)

The testimony adduced on the hearing of this case is markedly similar to that found in *Continental Casualty Co.* v. *Bennett,* 69 *Ga. App.* 683 (26 S. E. 2d, 682), in which case the claimant, having suffered an apparently trivial eye injury, lost his vision some weeks later. The medical testimony in his favor was as follows: "Q. And, not having seen him until the late time you did, you can not, of course, state positively whether or not the accident brought on the loss of vision? A. No, sir. Q. But it is your testimony that it could have? A. That is a possibility." Testimony by the claimant's physician in the instant case is as follows: "A. I examined him on two occasions. If I might refresh my memory up to date, on the fourth day of January, 1950, and on the 28th day of July, 1950. . . Q. Now, from your examination based on this history you received, what in your opinion caused the loss of his eyesight? A. That is a hard question to answer because it could be one of two things, either disease of the left eye or it could

be complication resulting from his injury or his operation. I would hate to have to say which one caused the loss of sight in that eye."

In the *Bennett* case, as appears from the statement of facts, "The claimant testified that at no time from the date of injury to the loss of sight did his eye feel normal; that it felt like there was 'a skim over my eye all the time.'" In the instant case, a part of the claimant's testimony was as follows: "Q. How gradual did you lose that eyesight? A. Well, it just kept hurting me all the time and it went out all at once. Q. Immediately after the injury how well could you see with that eye? A. Well, I just could not hardly say, I could not see too good in the eye, could not read a paper or anything. Q. Then did it stay pretty much in that condition or grow worse gradually? A. It kept getting worse all the time and I had trouble with it all the time while it was burned. Q. At the time that it actually went out completely how well could you see just before that time? A. Well, I could see about as well, it didn't seem to, you know, the vision, I could still see but I could not look at anything long, if I did it just burned and I could not see." In the *Bennett* case this court held as follows: "While it is true that the single director stated, 'The difficult question in the case is the determination of the cause of the blindness. Neither side was able to present *positive* evidence on this question.' We know of no rule of law which requires the claimant to make out his case by positive testimony before he is entitled to an award in his favor. The true rule is, as stated above, that the commission *'may and should take into consideration* all the surrounding facts and circumstances attending the subject matter of the inquiry.'" And, as further stated in the headntoe of that case, "An award of the Industrial Board based on any evidence is beyond the authority of this court to disturb, except where fraud in its procurement is shown. In determining the award from the evidence, it is the duty of such board to consider all the surrounding facts and circumstances concerning the inquiry, together with the testimony of witnesses. In this consideration the opinions of expert witnesses are not conclusive upon the board but may be disregarded."

It is well settled that the opinions of expert witnesses, while

entitled to great weight, are advisory only, and the jury (or the Board of Workmen's Compensation) are bound thereby only to the extent to which they desire to give credence to such opinions. See *Blanchard* v. *Savannah River Lumber Co.*, 40 *Ga. App.* 416 (149 S. E. 793); *Manley* v. *State*, 166 *Ga.* 563 (144 S. E. 170); *Liberty Mutual Ins. Co.* v. *Williams*, 44 *Ga. App.* 452 (161 S. E. 853); *Travelers Ins. Co.* v. *Thornton*, 119 *Ga.* 455 (46 S. E. 678); *Hill* v. *General Accident Assurance Corp., Ltd. of Pearth, Scotland,* 16 *Ga. App.* 66 (2) (85 S. E. 600); *Ocean Accident & Guarantee Corp.* v. *Lane*, 64 *Ga. App.* 149 (1) (12 S. E. 2d, 413). It might further be noted that although the testimony of the claimant's physician was not decisive, neither was that of the employer's, for while the latter stated that the cause of the blindness was retinal occlusion, they could not offer any explanation of the cause of the retinal occlusion. "How much weight should be given to the opinion expressed by one expert, especially in view of the fact that the other experts refused to express any opinion, was a question to be determined by the jury. Especially would this be true where the opinion of the expert is coextensive with the entire scope of the commission's investigation, and if obliged to be accepted would be absolutely decisive of the one issue to be determined by it." *Blanchard* v. *Savannah River Lumber Co.*, supra.

The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*