88 Ga. App. 64 (1953)
76 S.E.2d 20
B. F. GOODRICH COMPANY
v.
ARNOLD.
34577.
Court of Appeals of Georgia.
Decided April 22, 1953.
*66 Jones, Williams, Dorsey & Kane, for plaintiff in error.
George D. Stewart, contra.
*70 CARLISLE, J.
1. "The Workmen's Compensation Act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. Code, § 114-710; Georgia Casualty Co. v. Martin, 157 Ga. 909 (122 S. E. 881); Maryland Casualty Co. v. England, 160 Ga. 810 (129 S. E. 75); Bituminous Casualty Co. v. Jackson, 68 Ga. App. 447 (23 S. E. 2d, 191)." Maryland Casualty Co. v. Hopkins, 71 Ga. App. 175 (30 S. E. 2d, 357).
2. "The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence . . . [are] matters for determination by the board. Continental Casualty Co. v. Bennett, 69 Ga. App. 683 (26 S. E. 2d, 682); Liberty Mutual Insurance Co. v. Williams, 44 *65 Ga. App. 452 (161 S. E. 853); Bituminous Casualty Co. v. Jackson, supra." Maryland Casualty Co. v. Hopkins, supra, p. 177.
3. "While competent expert testimony is entitled to great weight, it is not so authoritative that either court, jury, or commission is bound to be governed by it, since it is advisory merely and intended to assist them in coming to a correct conclusion. Consequently courts, juries, and commissions, in determining the issues they are called upon to settle, may and should take into consideration all the surrounding facts and circumstances attending the subject-matter of the inquiry." Blanchard v. Savannah River Lumber Co., 40 Ga. App. 416, 424 (149 S. E. 793).
4. Under an application of the foregoing rules, the superior court did not err in affirming the award of the State Board of Workmen's Compensation granting compensation for the claimant's loss of vision in his right eye. The claimant testified positively that something flew into, or was blown into, his eye while he was at work; that a fellow employee examined his eye with dirty, greasy hands, and wiped the eye with his shirttail; that he suffered constant pain for several months thereafter; that he had had no trouble with the eye prior to that time; that he had received compensation for injury only once in a period of some twenty-one years; that he reported the injury at once to his superior, who sent him to the company doctor who thought nothing was seriously wrong with the eye; and that he continued to have constant pain in the eye and consulted a series of physicians, some of his own choosing and others chosen by the employer. All of these physicians, who were opthalmologists, testified in the case. They were in accord, with one exception, that the alleged injury did not cause the claimant's loss of vision. Their theories of why this was so were quite variant, ranging from malingering, hysteria, allergy, self-inflicted or accidentally inflicted caustic or acid in the eye, to herpes zoster opthalmicus. We think, therefore, that the trial director, whose findings were affirmed by the board, was authorized from all the facts and circumstances to find that there was a causal connection between the injury to the eye, received during the course of his employment, and the loss of vision in that eye, and that the injury arose out of his employment. It does not affirmatively appear that the trial director did not consider the herpes zoster opthalmicus theory. He says that he considered all the theories. The physician who presented the herpes theory at no point in his testimony stated that the injury to the eye could not have caused the herpes zoster opthalmicus. He stated that the sliver of steel would not have caused it. Therefore, it remains that the claimant, before the injury, could see from the eye, with which he had had no trouble prior to the alleged injury; following the injury he was in constant pain for a period of several months; and at the time of the hearing he had lost the vision of his right eye. The director was authorized to disregard the conflicting medical testimony and draw his conclusion from the chain of events, facts, and circumstances attending the claimant's loss of vision in the right eye.
Judgment affirmed. Gardner, P. J., and Townsend, J., concur.