35337. GENERAL MOTORS CORPORATION *v.* CRAIG.

Decided November 9, 1954—Rehearing denied December 11, 1954.

*Marshall, Greene & Neely,* for plaintiff in error.

*Harry E. Monroe, Roscoe Pickett,* contra.

Quillian, J. In this opinion General Motors Corporation is referred to as the employer, J. A. Craig as the employee, the State Board of Workmen's Compensation as the Workmen's Compensation Board, and the deputy director of that board simply as the deputy director, all for the sake of brevity and convenience of expression.

The employer excepts to the judgment affirming the award, on the ground that the award was contrary to law and without

evidence to support it for the reason that there was no competent evidence introduced upon the hearing of the case that there had been a change in the employee's condition, that is, a further impairment of his capacity to work, since a former award was entered in the case. Upon the hearing that resulted in the previous award there was no adjudication as to the extent of the employee's disability resulting to the employee from the injury sustained by him. Consequently, proof of a change or deterioration in the employee's condition since that award was entered was not essential to the subsequent award, granting the employee compensation. The latter award is that affirmed by the superior court. However, had proof of such change of condition been necessary to support the award in the employee's favor, there was competent evidence in the record to authorize a finding that since the preceding award there had been a change in the employee's condition within the meaning of the compensation act.

The employee's own testimony, which was evidently undisputed, was sufficient for the purpose. He testified in response to questions propounded to him: "Q. I will ask you this other one question, is your back today—what is the condition of your back today, so far as you know, in comparison with the last time you were here? A. This back is worse today than it was a year ago because arthritis is in it and it is worse, it is more aggravated than it was a year ago. Q. Is your motion more limited now than it has been? A. Yes, sir, I get awfully stiff to where I can't get out of the bed in the morning." The previous hearing was conducted on October 2, 1952. The hearing on which this testimony was submitted was held October 3, 1953.

The employer excepts to the judgment affirming the award on the ground that the undisputed evidence disclosed that, after the employee's injury and during the period of his incapacity, they furnished to him employment suitable to his capacity; that it was still willing to furnish such employment to the employee, but that he, "through his own acts and misconduct, placed himself in a situation where he was prevented by the union through no fault of the employer, from performing the work; and "that, since the claimant was able to work and earn the same wages he was making at the time of his original injury, the defendant is not liable to him for compensation."

The evidence relative to this ground was that the employer, after the employee sustained a compensable injury to his back and during his period of incapacity, had furnished to him employment of a different nature, requiring less effort and calculated to suit his impaired capacity; that the employee accepted the employment and for several months undertook to perform the duties of the new employment; that he was frequently and for several days at a time unable, on account of the injury that he sustained, to report for work; that on several occasions he did not report for work because he was drinking, and did not think it proper to report for work while under the influence of whisky; and that the claimant drank because the pain from his back was so severe that he finally on account of his injury was unable to do the work regularly even at selected employment furnished him.

The employee was aware of a rule of the employer requiring him to give the employer notice of the fact that he would not report for work in the event he contemplated being absent for as long as three days. The employee was put on notice that, if he violated this rule, the employer would consider him as having voluntarily quit the job given him; the employee, on account of the injury to his back was not able to report for work for a period longer than three days; he requested a friend who had formerly delivered messages for him to the employer to advise the employer that he would not report for work; this was the only way which he had to communicate the information to the employer; the friend failed to deliver the message; the employer discharged him; he appealed to a labor union to obtain his reinstatement; a committee composed of labor-union personnel decided that he was at fault, and that the employer was justified in discharging him.

The facts above stated did not demand a finding that the employee had been guilty of any misconduct in refusing employment suitable to his capacity, or that he had refused such employment. The excuses given by the employee for not complying with the employer's rule above referred to, if believed by the deputy director who heard the case, furnished sufficient reason for his not having done so, and that he had not wilfully or negligently violated the rule. His testimony amply supported a

finding by the director that he was so physically handicapped and disabled to such an extent by the injury to his back that he was not able to report regularly for work, so as to discharge the duties incident to even the light and select employment furnished him.

In this connection, it should be remembered that the employer offered no evidence. The testimony of the employee further showed that the employer's doctors had examined him and were fully conversant with his physical condition, and in these circumstances the presumption arose that, if the employer had produced the doctors as witnesses, their testimony would have corroborated that of the employee. "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." Code § 38-119.

The award of the deputy director was properly affirmed by the superior court.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. The hearing in this case was on an alleged change in condition. The case was tried on that theory and also on the theory that the claimant was barred by his improper conduct in not reporting that he would be absent in excess of three days, which failure to report resulted in his discharge under union rules. As I interpret the original award and the final award, the director found the percentage of disability to be the same in each case, and there was no finding that there was a change in condition. I interpret the final award to mean that the director found that the claimant was not barred by wilful misconduct under Code § 114-105. I think that, in a case like this, the board has jurisdiction to determine whether the claimant is entitled to compensation when the circumstance preventing his receiving it while disabled has ceased to exist. *American Mutual Liability Ins. Co. v. Brown, 42 Ga. App.* 262 (155 S. E. 798).