37794.   FIREMAN'S FUND INDEMNITY COMPANY
*et al. v.* MOODY.

DECIDED OCTOBER 21, 1959—REHEARING DENIED
NOVEMBER 17, 1959.

Smith, Field, Doremus & Ringel, Richard D. Carr, Charles L. Drew, for plaintiffs in error.

Hewlett, Hewlett & Wall, Alford Wall, contra.

FELTON, Chief Judge. The claimant was awarded compensation for loss of use of his right eye due to "double vision" which necessitates the wearing of an eye patch at almost all times. This condition first became apparent four days after a welding torch exploded in his face during the course of his employment. Medical testimony as to its cause is conflicting and the deputy director found that "medically speaking, the cause of claimant's disability cannot be found."

In workmen's compensation cases, the trier of fact must take the evidence of medical experts along with all the other facts and circumstances of the case and thus determine the ultimate issue. *Autry* v. *General Motors &c. Plant,* 85 *Ga. App.* 500 (69 S. E. 2d 697); *Blanchard* v. *Savannah River Lumber Co.,* 40 *Ga. App.* 416, 424 (149 S. E. 793).

The facts in this case make it closely analogous to *Lockheed Aircraft Corp.* v. *Marks,* 88 *Ga. App.* 167, 173 (76 S. E. 2d 507), where the majority of this court said: "Although the medical testimony was to the effect that there is no known connection between a fall, which was hard enough to shatter both heel bones, and the fatal disease of thrombocytic acroangiothrom-'bosis, it was also stated that the cause of this disease is unknown. Then, where the cause of the disease from which the deceased employee died is not known by the medical profession, and where it is not known whether there is any connection between such a fall as Marks sustained and such disease, could not a fact-finding body reasonably and properly conclude from the facts and circumstances of this case, as disclosed by the evidence, that the deceased employee's death was the result of the accidental fall which crushed his heels? We think so."

In *Employers Liability Assurance Corp.* v. *Yates,* 64 *Ga. App.* 633, 637 (13 S. E. 2d 718) the evidence was held sufficient by the majority to sustain an award of compensation where it showed that "prior to the accidental injury claimant worked regularly and was apparently in good health; that immediately following the accident she became disabled and was out of work

for about a week, complaining of pain in her right side; that she then went back to work and worked for several weeks, but during this time was still suffering from pain in the region of her right hip; that she then stopped work and shortly thereafter had a miscarriage; that since the miscarriage occurred claimant has gradually gotten worse, the pain in the region of her right hip and right leg having increased, which now causes her to walk with a decided limp."

In the instant case the evidence supports the finding that, medically speaking, the cause of the claimant's disability cannot be found. This being true, the claimant's testimony that he had never suffered from "double vision" prior to the accident in question, that four days thereafter he first became thus afflicted and his condition continued to worsen over a period of time, is some evidence to support the award of the board, and the decision of the court must be affirmed.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*