37952.  AMERICAN CASUALTY COMPANY *et al. v.*
HERRON.

TOWNSEND, Judge.  1.  In ascertaining the physical condition
of a claimant in a workmen's compensation case, the director
has a right to consider the physical appearance of the claim-
ant at the hearing.  *Bituminous Cas. Corp.* v. *Wilbanks*, 68
*Ga. App.* 631, 636 (23 S. E. 2d 519); *Davis* v. *Bibb Mfg. Co.,*
75 *Ga. App.* 515, 520 (43 S. E. 2d 780) and citations.  The
hearing director accordingly did not act improperly in con-
sidering the physical condition of the claimant as the same
appeared to him from observation in the courtroom as a
factor substantiating testimony that the claimant was in as
good physical condition at that time as before he suffered the
hernia on which the claim is based.

2.  Where, as here, the claimant testifies that he had been offered
other work just prior to the injury and was considering leav-
ing his employment because of personal differences with his
present employer, the hearing director may consider such testi-
mony as bearing on the question of whether the claimant
had in fact no intention of returning to his employment fol-
lowing the injury, whether or not he was physically able to
do so, and whether or not the employer desired his return, the
claimant's testimony being that he had not in fact applied
for re-employment with his original employer, but had ap-
plied for work with an employment agency.

3.  The evidence in the case shows the claimant to be an il-
literate, unskilled laborer with small capacity for employ-
ment other than that involving manual labor, who sustained
a hernia on April 2, 1958, underwent surgical repair on May 6,
1958, and was released by his physicians on July, 11, 1958.
On October 20, 1958, the claimant's counsel applied for a
hearing under Code (Ann.) § 114-706 on the ground that the
parties failed to agree over the continuance of payment of
compensation "for the residuals from a left hernia and left
testicle condition."  Further compensation was denied by the
hearing director, and, on appeal to the full board, by that
body.  The Judge of the Superior Court of Whitfield County
reversed and remanded the case on the ground that the evi-
dence does not support the award as a matter of law.

While there was abundant evidence in the record that the claim-

ant suffered a disability which would preclude him from doing a part of the work he had heretofore been employed to do—that is, lifting weights in excess of 50 pounds— and while there was evidence amply supporting the inference that his unemployment was a result of this disability, nevertheless there is medical testimony in the record sufficient to sustain a finding that the claimant's hernia had entirely healed leaving no disability whatever which would have any relation to his ability to labor and earn money. Findings of fact of the board, where based on any competent evidence, are conclusive on the superior court and this court. *Merry Bros. Brick &c. Co.* v. *Holmes,* 57 *Ga. App.* 281 (195 S. E. 223); *Hughes* v. *Hartford Accident &c. Co.,* 76 *Ga. App.* 785, 786 (4) (47 S. E. 2d 143).

4. "It will form a basis for review, however, that the board acted in excess of its powers, and an arbitrary and material disregard of those fundamental legal rules under which issues must be decided would be in excess of the powers of the board acting in a quasi-judicial capacity, and would also be a decision under an erroneous legal theory." *American Cas. Co.* v. *Wilson,* 99 *Ga. App.* 219, 221 (108 S. E. 2d 137). The hearing director, whose findings of fact were adopted by the full board, stated: "The burden is on the claimant in all cases of workmen's compensation." While this rule is true in the first instance, once an award has been entered or an agreement signed and approved by the board, the burden is on the party seeking a modification of the award or agreement. The claimant here requested a hearing, not because he was dissatisfied with the approved agreement, but because the employer had ceased making payments thereunder, and accordingly the burden was on the employer to show a legal reason for the discontinuance of such payments. *National Surety Corp.* v. *Nelson,* 99 *Ga. App.* 95 (2) (107 S .E. 2d 718). *General Accident Fire &c. Corp.* v. *Teal,* 100 *Ga. App.* 314 (111 S. E. 2d 113). An award once approved by the board and unappealed from is res judicata except on a showing of change of condition. But, where the award calls for the payment of weekly sums to the claimant "until terminated in accordance with the provisions of the Workmen's Compensation Law" the burden of showing such change in condition as to authorize the termination thereof is on the employer and not the claimant.

And in these circumstances where the employer neither pays nor requests a hearing on change of condition, a hearing may be requested by the claimant under Code (Ann.) § 114-706, at which hearing the employer has the burden of showing a change of condition sufficient to authorize a cessation or diminution of payments and the entering of a new award. It thus appears from the record that the hearing director erroneously decided the case on the theory that the burden of proof was on the claimant to show that payments should be continued rather than on the employer to show why they had been discontinued. Had the hearing director, and the full board which adopted the findings and award of the hearing director, conceived the burden of proof to be on the opposite party, it is possible that the award would have been otherwise. It follows that the board, in deciding the case under such erroneous legal theory, acted in excess of its powers, and that the judgment of the superior court reversing and remanding the case for further consideration should be sustained.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 21, 1959—REHEARING DENIED NOVEMBER 12, 1959.

*Smith, Field, Doremus & Ringel, Charles L. Drew, Richard D. Carr,* for plaintiffs in error.

*J. Paxson Amis,* contra.