45854, 45943.   ZURICH INSURANCE COMPANY et al.
v. ROBINSON; and vice versa.

Bell, Chief Judge. The superior court reversed the award of the Workmen's Compensation Board denying additional compensation to claimant on a change of condition. It appears that claimant in an approved supplemental agreement was awarded compensation for 15% loss of use of his leg. At the change of condition hearing the only evidence considered was the claimant's testimony. The board found as a fact which is supported by claimant's testimony that he returned to work for the employer at about the time of the prior award, worked five hours when his leg "gave out" on him; that he has tried to obtain other employment but was unsuccessful as all potential employers declined employment due to the leg injury; that at one time his knee "puffed up quite a bit" and a physician drew fluid out of it and sent him for therapy; that he performs exercises at home to strengthen the leg; and that in his opinion the leg is worse. The board further found as a fact that "no change in condition has been shown which would entitle claimant to additional compensation. That claimant is not totally disabled and without some medical to substantiate a higher disability rating, it is impossible to determine whether the disability was increased or decreased." The superior court reversed on the ground that the board determined the case on the erroneous theory that it cannot be decided without some expert medical testimony. *Held:*

1. If a workmen's compensation case is decided on an erroneous legal theory, the board has acted in excess of its powers and the judgment of the superior court reversing the board and

remanding must be affirmed. *American Cas. Co. v. Herron,* 100 Ga. App. 661 (4) (112 SE2d 160). The superior court's construction of the quoted finding is the only reasonable one that can be placed upon it. It is tantamount to stating that absent medical testimony no finding can be made which would or would not authorize an award for additional compensation on a change of condition. There is no provision in the Workmen's Compensation Act authorizing the view that medical evidence is a critical and a necessary ingredient which must be present before a factual determination can be made by the board. It is well settled that the opinionative testimony of medical experts, while entitled to great weight, is advisory only and may be accepted or rejected by the board. *Maryland Cas. Co. v. Pitman,* 72 Ga. App. 838 (35 SE2d 319); *American Motorists Ins. Co. v. Blaylock,* 84 Ga. App. 409 (66 SE2d 126). We have held that a claimant's testimony that his condition was worse standing alone was some evidence which would support an award of the board granting additional compensation. *General Motors Corp. v. Craig,* 91 Ga. App. 239 (85 SE2d 441); *St. Paul-Mercury Indem. Co. v. Fletcher,* 97 Ga. App. 429 (103 SE2d 438). The board being the finder of the facts must determine the issue made on the evidence before it and may not decline to rule due to the absence of expert testimony. The superior court correctly sustained the appeal and remanded the case to the board for further proceedings.

2. As we are affirming the judgment of the lower court which reverses and remands the case to the board for further proceedings, the issues raised on the cross appeal are moot and it is dismissed for that reason.

*Judgment affirmed on main appeal; cross appeal dismissed. Pannell and Deen, JJ., concur.*

ARGUED JANUARY 5, 1971—DECIDED MARCH 19, 1971—
REHEARING DENIED APRIL 2, 1971—CERT. APPLIED FOR.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Robert T. Efurd, Jr.,* for appellee.