48586. FOX v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

Hall, Presiding Judge. This is an appeal by Fox, a workman's

compensation claimant, from the decision of the superior court which, on the appeal of the employer and insurance carrier (appellees here) from an award to Fox by the Workmen's Compensation Board, remanded the case to the board "for the purpose of hearing medical testimony."

At the hearing before the deputy director, no medical testimony was given. Although there were other witnesses, the primary witness was Fox who described that in the course of his employment on June 1, 1972, he slipped and fell and incurred an injury as a result of which he became nauseated within seconds and sought medical assistance promptly; he subsequently saw a number of doctors for treatment and consultation; he had surgery designed to remedy his physical problem resulting from the injury; he found that subsequently he was unable to perform his job at which he was injured or any job which required him to do prolonged standing.

On this appeal taken by Fox, the appellees urge in support of the action of the superior court that Fox's testimony concerning the type of surgery he received was hearsay and incompetent because it was based upon what his doctor told him and he had no independent knowledge of the surgical procedure applied; that the board's award included medical expenses, of which there was no evidence; that this award is barred by an earlier lump sum settlement award approved by the board, growing out of an earlier work-related injury incurred by Fox at another employment; and that the deputy director found as a fact that the disability suffered by Fox stemmed entirely from the earlier injury.

1. In testimony before the deputy director, in addition to describing his injury and his subsequent disability and pain, Fox attempted to name and describe the surgical procedure which he underwent in search of a cure. His testimony relating what his doctors told him was objected to as hearsay. Raising the same point here, the employer and the carrier attack the award as based on incompetent and hearsay evidence. We cannot agree.

It is entirely proper for claimant to describe the course of his medical treatments, and to testify that he received some kind of operation even in the absence of any testimony on this point from the doctors involved. *Fireman's Fund Indem. Co. v. Moody,* 100 Ga. App. 690, 691 (112 SE2d 202). Here, claimant went further in attempting to name and describe the procedure, but to the extent to which the additional details of his testimony were based

on hearsay this provides no reason to overturn the award if some evidence sustaining it is otherwise presented. *Hartford Accident & Indem. Co. v. Hillhouse,* 73 Ga. App. 122, 127-28 (35 SE2d 603). The claimant's testimony is some evidence sustaining the Board's award here (*B. F. Goodrich Co. v. Arnold,* 88 Ga. App. 64, 65 (76 SE2d 20); *Fireman's Fund Indem. Co. v. Moody,* supra, p. 694), and medical testimony is accordingly not required. Medical testimony in any event is advisory only, and may be accepted or rejected by the Board. *Zurich Ins. Co. v. Robinson,* 123 Ga. App. 582, 583 (181 SE2d 923). The rule which we apply here is the same which applies in change of condition cases. E. g. *Zurich Ins. Co. v. Robinson,* supra; *St. Paul-Mercury Indem. Co. v. Fletcher,* 97 Ga. App. 429 (103 SE2d 438); *General Motors Corp. v. Craig,* 91 Ga. App. 239 (85 SE2d 441); *American Motorists Ins. Co. v. Blaylock,* 84 Ga. App. 409 (66 SE2d 126); *Maryland Cas. Co. v. Pitman,* 72 Ga. App. 838 (35 SE2d 319). The award of the Board being supported by some evidence, the superior court had no authority to set it aside or to order the taking of medical evidence. Code § 114-710; *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 804 (198 SE2d 412).

2. However, the Board's award of medical expenses should have awarded specific items of medical expense up to the time of the award, *Id.* at 805-806, and Fox has not yet presented evidence in support of the claim for expenses. Accordingly, the case must be remanded to the board for the making of a definite and certain award of medical expenses already incurred. *Employers Commercial Union Ins. Co. v. Palmer,* 127 Ga. App. 54 (192 SE2d 439). The purpose for which the superior court ordered the remand (for additional medical evidence) is not part of the judgment. The remand order itself is proper for the purpose of determining medical expense, and therefore the judgment is legal for this reason and will be affirmed. *Turner v. Baggett Transportation Co.,* supra, p. 806.

3. Appellees note that claimant suffered an earlier injury in another employment, for which he entered into a $5,000 settlement agreement which was approved by the board on June 26, 1972 (shortly after his present injury). Appellees urge that the $5,000 should be regarded as $50 per week for 100 weeks, and that under the reasoning of Code § 114-409 during those 100 weeks Fox should receive no compensation for the present injury because to allow it would have the effect of allowing him to be "200 percent" disabled. This point is decided against appellees

by the fact that Code § 114-409 by its terms applies to two injuries in the same employment, and claimant's injuries were received in different employments. The rule for injuries in different employments is illustrated in *Dunn v. Hartford Accident & Indem. Co.*, 81 Ga. App. 283 (58 SE2d 245) applying Code § 114-408, which is not claimed to be applicable here.

4. Finally, we cannot agree with appellees' contention that the meaning of the Deputy Director's findings of fact was that the disability which claimant suffered was due entirely to his previous back injury.

For the reason stated in Division 2 the judgment is affirmed.

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED SEPTEMBER 17, 1973 — DECDED OCTOBER 26, 1973.

*William I. Aynes, Richard R. Kirby,* for appellant.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellees.

